UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| BRIAN STAS, | : |
| Plaintiff, | : |
| V. | : CASE NO. 3:07-CV-0268(RNC) |
| EDWARD LYNCH, | : |
| Defendant. | : |

RULING AND ORDER

Plaintiff, formerly a trooper with the Connecticut State Police (CSP), brings this action pursuant to 42 U.S.C. § 1983 against defendant, formerly a high-ranking CSP official, asserting a class of one claim under the Equal Protection Clause of the Fourteenth Amendment. Plaintiff alleges that he was treated differently than similarly situated CSP employees solely because of personal malice on the part of the defendant. The defendant has moved for summary judgment. The Supreme Court recently held that class of one claims are invalid in the public employment context. See Engquist v. Oregon Dept. of Agriculture, __ U.S. __, 128 S. Ct. 2146 (2007). Accordingly, the defendant's motion for summary judgment is granted.

I. Legal Standard

Summary judgment is appropriate if "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue of material fact and that the moving party is entitled to judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986) (quoting Fed. R. Civ. P. 56(c). The initial burden of demonstrating the absence of any genuine issue of material fact is on the party seeking summary judgment. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). To avoid summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (quoting First Nat'l Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288 (1968)). A dispute concerning a material fact is genuine "if evidence is such that a reasonable jury could return a verdict for the nonmoving party." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992) (quoting Anderson, 477 U.S. at 248). In determining whether this standard is met, the court must draw all inferences and resolve any ambiguities in a manner most favorable to the nonmoving party. See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).

II. Background

The following facts are undisputed or supported by evidence in the record viewed most favorably to the plaintiff. Plaintiff served as a trooper from April 2000 through February 2006, when he retired due to an injury. Some time in 2001, a civilian dispatcher

named Donna Dacey, who was friendly with plaintiff's ex-wife, began to engage in unprofessional conduct toward the plaintiff. She repeatedly refused to answer him while he was on patrol, and repeatedly slandered him. In addition, she once ran a check of a license plate on a car parked at his house as a favor to his ex-wife (the car belonged to his roommate's girlfriend). Plaintiff orally reported Dacey's conduct to his supervisors on numerous occasions.

In 2003, Dacey began receiving magazines at her home that she had not subscribed to. These magazines appeared to be addressed to her, but contained pejorative variations on her name, such as "Sofatty Dacey." Dacey informed the barracks commander, who referred the complaint up the chain of responsibility until an investigation was commenced by the Internal Affairs Program of the Department of Public Safety (Internal Affairs). Defendant, acting in his official capacity, approved the initiation of the investigation.

The investigation eventually settled on plaintiff and a friend of his, Trooper David Febbraio. After being interviewed several times, plaintiff and Febbraio ultimately acknowledged their responsibility for what they described as a "prank." The investigation concluded that plaintiff and Febbraio had violated CSP rules and regulations and state harassment laws. Accordingly, defendant held a pre-disciplinary meeting with the plaintiff, his

union attorney and a Major Peter Warren.  At the meeting, plaintiff and his attorney informed defendant of Dacey's alleged misconduct. Defendant authorized Major Warren to investigate plaintiff's allegations but Dacey was never disciplined.

After the pre-disciplinary hearing, plaintiff signed a stipulated agreement accepting a suspension of fifteen days, five of which were to be served, five to be fulfilled by forfeiture of vacation leave, and five held in abeyance for eighteen months. Trooper Febbraio signed a similar agreement.  Plaintiff apparently served his suspension and remained with the CPS until February 2006, when he applied for and received disability retirement.

In December 2006, the Attorney General of Connecticut released a report prepared by the New York State Police Department following a fourteen-month investigation into the Internal Affairs Program.[1] The Report detailed numerous incidents of wrongdoing on the part of CSP employees that were either not investigated or left undisciplined by the Internal Affairs Program.  The Report made no finding of wrongdoing on the part of the defendant.

III. Discussion

Plaintiff claims that defendant violated his Fourteenth Amendment right to equal protection of the laws by treating him

---

[1]  See New York State Police Department, Report on the Evaluation of the Connecticut Department of Public Safety Internal Affairs Program (2006), available at http://www.ct.gov/ag/lib/ag/other/conn_report_12-04-06.pdf - 1687.4KB.

more harshly than similarly situated employees of the CSP, including several individuals referred to in the New York State Police Report, who allegedly engaged in more serious misconduct and went undisciplined. Because plaintiff does not contend that the alleged disparate treatment was predicated on his membership in any particular group, his claim constitutes a class of one equal protection claim. As a result of the recent decision in Engquist, such a claim is no longer viable in the public employment context.

The Equal Protection Clause "requires that the government treat all similarly situated people alike." Harlen Assocs. v. Inc. Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001). Though "[e]qual protection jurisprudence has typically been concerned with governmental classifications that 'affect some groups of citizens differently than others,'" Engquist, 128 S.Ct. at 2147 (quoting McGowan v. Maryland, 366 U.S. 420, 425 (1961)), the Supreme Court has recognized that the Equal Protection Clause "protect[s] persons, not groups." Adarand Constructors, Inc. v. Pena, 515, U.S. 200, 227 (1995). In Village of Willowbrook v. Olech, the Court held that an individual may bring an equal protection claim as the sole member of a "class of one" on the basis that he has "been treated differently from others similarly situated and that there is no rational basis for the difference in treatment." 528 U.S. 562, 564 (2000). Olech involved a regulatory decision by a municipality. In Engquist, the Court held that the class of one

5

theory recognized in Olech is not valid in the context of public employment. Engquist, 128 S.Ct. at 2148-49. The Court observed that in the employment context, "the rule that people should be 'treated alike, under like circumstances and conditions' is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted [the employer]." Id. Thus, a state employee like the plaintiff who believes he has been mistreated due to personal malice on the part of a supervisor may no longer proceed on a class of one theory. Id. at 2149. See Appel v. Spiridon, 531 F.3d 138, 141 (2d Cir. 2008).

IV. Conclusion

Accordingly, the motion for summary judgment [doc. #28] is hereby granted.

So ordered.

Dated at Hartford, Connecticut this 17th day of September 2008.

/s/ RNC
Robert N. Chatigny
United States District Judge